John L. Holcomb, Jr. *Of Counsel* (State Bar No. 258175)
**KASED LAW GROUP, A.P.C.**
2535 Kettner Blvd, Ste 2A2
San Diego, CA 92101
Telephone: (424) 408-0034
Facsimile: (424) 421-0043

Attorneys for Plaintiff,
JANET ALVAREZ-JEDKINS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ALVAREZ-JEDKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, JANET ALVAREZ-JEDKINS (hereinafter "Plaintiff"), and for a cause of action against Defendant, PRINCESS CRUISE LINES, LTD., and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs. The injury giving rise to this action occurred while Plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters. This Court has Jurisdiction under 28 U.S.C. § 1332 as well as under the general maritime law of the United States.  Venue is based on the forum selection clause included in the terms of Defendant's passage contract.

-1-

## **GENERAL ALLEGATIONS**

2.     At all times herein material, Plaintiff JANET ALVAREZ-JEDKINS was and is a resident of the State of Texas, County of Fort Bend.

3.     At all times herein material Defendant PRINCESS CRUISE LINES LTD. (hereinafter sometimes "PRINCESS"), was a corporation with its principal place of business in the state of California, the County of Los Angeles, and this judicial district.

4.     At all times herein material Defendant PRINCESS owned, operated, maintained, controlled and inspected the vessel Sky Princess/Bermudan (hereinafter "vessel"), a passenger cruise ship which Defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

5.     On or about March 18, 2023, Plaintiff was walking onboard the Sky Princess/Bermudan vessel when she slipped and fell on a wet surface with no warnings that was open and not visible from her standpoint and which, upon information and belief, had recently been mopped by a PRINCESS employee. As a result, Plaintiff suffered serious bodily injuries.

6.     At the time of the incident, Plaintiff was an invitee on the property. The vessel is owned, controlled, and/or managed by Defendant PRINCESS.  Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in question. Plaintiff's fall was proximately caused due to the wet surface which was under the control of Defendant and/or Defendant's agents, servants, employees and/or representatives, and/or individuals under the direction, control, or management of Defendant.

////

////

////

-2-

## FIRST CAUSE OF ACTION

## [NEGLIGENCE UNDER THE GENERAL MARITIME LAW]

### (Against Defendant)

7. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 6, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

8. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

9. Defendant breached its duty of care to Plaintiff, inter alia:

   a. By causing and/or allowing a public area of its vessel to be in a dangerous and/or defective condition;

   b. By failing to properly inspect, maintain and repair the vessel, despite that the dangerous condition was such that it could have been discovered by a reasonable inspection and remedied;

   c. By failing to take appropriate remedial action prior to Plaintiff's injury; and,

   d. By failing to effectively warn Plaintiff of the dangerous condition of the vessel, despite that the dangerous condition was known to Defendant, or could have been discovered by Defendant on a reasonable inspection.

10. As a direct and legal result of Defendant's breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

////

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANET ALVAREZ-JEDKINS prays judgment against all Defendants as follows:

1. For general damages according to proof;

2. For medical expenses, past and future, according to proof;

3. For prejudgment interest;

4. For costs of suit; and,

5. For other such relief as the Court may deem proper.

DATED:  June 25, 2024                    **KASED LAW GROUP, A.P.C.**

By: _____
JOHN L. HOLCOMB, JR. *Of Counsel*
Attorney for Plaintiff,
JANET ALVAREZ-JEDKINS

## DEMAND FOR JURY TRIAL

Plaintiff JANET ALVAREZ-JEDKINS, an individual, hereby demands a trial by jury as to all causes of action.

DATED:  June 25, 2024                    **KASED LAW GROUP, A.P.C.**

By: _____
JOHN L. HOLCOMB, JR. *Of Counsel*
Attorney for Plaintiff,
JANET ALVAREZ-JEDKINS